UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT MCKINLEY JR.,

                Plaintiff,

-against-

PSK SUPERMARKETS, INC. D/B/A
FOODTOWN, et al.,

                Defendants.

25-CV-7438 (LJL)

ORDER OF SERVICE

---

LEWIS J. LIMAN, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the New York State and City Human Rights Laws. He alleges that his employer, PSK Supermarkets, Inc. (doing business as Foodtown), discriminated against him on the basis of his race. By order dated September 12, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendants PSK Supermarkets, Inc., Noah Katz, Ed Hunt, and Felix Porteral through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to issue summonses for Defendants PSK Supermarkets, Inc., Noah Katz, Ed Hunt, and Felix Porteral, complete the USM-285 forms with the addresses for Defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   September 13, 2025
         New York, New York

_____
LEWIS J. LIMAN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. PSK Supermarkets, Inc.
   444 S Fulton Avenue
   Mount Vernon, NY 10553

2. Noah Katz, President
   PSK Supermarkets, Inc.
   444 S Fulton Avenue
   Mount Vernon, NY 10553

3. Ed Hunt, Vice President
   PSK Supermarkets, Inc.
   444 S Fulton Avenue
   Mount Vernon, NY 10553

4. Felix Porteral, Manager
   Foodtown
   300 West 145th Street
   New York, NY 10039